NUMBER 13-09-00641-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


IN THE INTEREST OF J.J.L., A CHILD 

 




On appeal from the 377th District Court of 


Victoria County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 Appellant, Johnathan Lee, appeals the trial court's judgment terminating his parental
rights with respect to J.L.L., a child. (1) We affirm.

I. Anders Brief

 Pursuant to Anders v. California, (2) appellant's court-appointed appellate counsel has
filed a brief with this Court stating that, after examining the record, he has found the appeal
to be without merit and frivolous. (3) After discussing the jurisdiction of the trial court, pretrial
rulings, voir dire, the parties' opening statements, the Department of Family and Protective
Services's case-in-chief, appellant's case-in-chief, the trial court's jury charge, argument
of counsel, and the sufficiency of the evidence, counsel concludes that "no reversible error
is reflected by the record" in this case. (4) Counsel's brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no non-frivolous grounds
for advancing on appeal. (5)

 In compliance with High v. State, (6) appellant's counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court's judgment. Counsel has
informed this Court that he has forwarded a copy of the brief and his request to withdraw
as counsel to appellant, examined the record and found no arguable grounds to advance
on appeal, and informed appellant of his right to review the record and to file a pro se
response. (7) More than an adequate period of time has passed, and appellant has not filed
a pro se response. (8)

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. (9) We have reviewed the
entire record and counsel's brief and have found nothing that would arguably support an
appeal. (10) Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. (11) We grant counsel's motion to withdraw.

 Within five days of the date of this Court's opinion, counsel is ordered to send a
copy of the opinion and judgment to appellant and to advise appellant of his right to file a
petition for review to the Texas Supreme Court. (12) 




 

 LINDA REYNA YAÑEZ,

 Justice


Delivered and filed the

30th day of August, 2010.




 





 

 
1. We refer to the parties by their initials to protect the identity of the child. See Tex. R. App. P. 9.8.
2. 386 U.S. 738, 744 (1967).
3. See Porter v. Tex. Dept. of Protective & Regulatory Servs., 105 S.W.3d 52, 56 (Tex. App.-Corpus
Christi 2003, no pet.) (concluding "that when appointed counsel represents an indigent client in a parental
termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an
Anders-type brief").
4. Appellee, the Texas Department of Family and Protective Services, has filed a brief stating that it
agrees that "no reversible errors occurred in the trial of [a]ppellant's case."
5. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief
need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record
references to the facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v. State,
112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991) (en banc).
6. High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).
7. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d
at 409 n.23. The Texas Court of Criminal Appeals has held that, in a criminal context, "the pro se response
need not comply with the rules of appellate procedure in order to be considered. Rather, the response should
identify for the court those issues which the indigent appellant believes the court should consider in deciding
whether the case presents any meritorious issues." In re Schulman, 252 S.W.3d at 409 n.23 (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
8. See In re Schulman, 252 S.W.3d at 409.
9. See Penson v. Ohio, 488 U.S. 75, 80 (1988); see also In re K.B.R.R.K., No. 13-10-00136-CV, 2010
Tex. App. LEXIS 6328, at *3-4 (Tex. App.-Corpus Christi Aug. 5, 2010, no pet. h.) (mem. op.); In re G.M., No.
13-08-00569-CV, 2009 Tex. App. LEXIS 6509, at *3-4 (Tex. App.-Corpus Christi Aug. 20, 2009, no pet.)
(mem. op.); In re M.P.O., No. 13-08-00316-CV, 2009 Tex. App. LEXIS 103, at *3-4 (Tex. App.-Corpus Christi
Jan. 8, 2009, no pet.) (mem. op.).
10. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the
record for reversible error but found none, the court of appeals met the requirement of Texas Rule of
Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509.
11. See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v.
State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous") (citations omitted)).
12. See In re K.D., 127 S.W.3d 66, 68 n.3 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (citing Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997)). No substitute counsel will be appointed. Should
appellant wish to seek further review of this case by the Texas Supreme Court, he must either retain an
attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed
within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed
motions for rehearing or en banc reconsideration. Tex. R. App. P. 53.7(a). Any petition for review must comply
with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure. See id. at R. 53.2.